UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THERESA JAMES, )
Parent and Next Friend of E.J., a minor )
)
E.J., )
individually )
)
Plaintiffs, )
)
v. ) Civil Case No. 12-376 (RJL)
)
DISTRICT OF COLUMBIA )
)
Defendant. )

MEMORANDUM OPINION
(June 9⁺ʰ, 2013) (Dkts. ##10, 12)

Plaintiffs Theresa James ("James") and her son E.J. (together, "plaintiffs") bring this action against the District of Columbia under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, ("IDEA"). They challenge an administrative determination for the 2011–2012 school year denying them tuition reimbursement and concluding that the District did not violate the IDEA. *See* Compl. [Dkt. #1]. Plaintiffs and defendant have filed cross motions for summary judgment. *See* Pls.' Mot. Summ. J. [Dkt. #10]; Def.'s Cross Mot. Summ. J. [Dkt. #12]. Upon consideration of the parties' pleadings, applicable law, and the complete administrative record in this case, the Court DENIES plaintiffs' motion and GRANTS defendant's cross motion.

1

## BACKGROUND

E.J., a resident of the District of Columbia, is a fifteen-year-old student at Accotink Academy ("Accotink"), a private school in Springfield, Virginia. Pls.' Statement of Material Facts [Dkt. #10] ¶ 1; Administrative Record ("AR") [Dkt #9] at 78. His mother, Theresa James, unilaterally placed him there at the start of the 2011–2012 school year. AR at 78. E.J. has educational disabilities that entitle him under the IDEA to receive special education and related services from District of Columbia Public Schools (DCPS). Pls.' Statement of Material Facts ¶ 1. He attended the Kelly Miller Middle School ("Kelly Miller") for his eighth grade school year (2010–2011). *Id.* at ¶ 2. In February 2011, E.J. was referred for a Comprehensive Psychological Evaluation. AR at 21. The evaluator recommended that several changes be made to E.J's Individualized Education Program ("IEP"). AR at 34–35. Thus, a new IEP calling for a full-time out of general education placement was established on May 6, 2011. AR at 43. E.J.'s mother attended the IEP meeting at which E.J.'s new educational program was developed. *Id.* The IEP provides for 28.5 hours of specialized instruction per week, two hours of speech and language therapy per month, and four hours of behavioral services per month. AR at 51.

The IEP team also recommended that E.J. transfer for the remainder of the spring 2011 semester to Hamilton Academy ("Hamilton") in the District of Columbia, a school they contended was the better equipped to implement the full-time out of general

education placement called for by his new IEP. AR at 59, 395–96. James, however, objected to this placement, AR at 396, and filed a due process complaint on June 29, 2011, AR at 64. Hamilton was subsequently closed by DCPS in June 2011. AR at 115. On August 4, 2011, E.J.'s compliance case manager selected Spectrum at Phelps ("Spectrum") as an appropriate replacement site. AR at 79, 402–05. James again objected and chose to enroll her son at Accotink while her due process complaint was still pending. AR at 78.

On September 26, 2011, the Hearing Officer determined that plaintiffs' June 29, 2011 due process complaint failed to show that DCPS denied E.J. a free appropriate public education ("FAPE"). *See* AR at 100–112. Indeed, the Hearing Officer's Determination ("HOD") specifically concluded that E.J.'s placement at Spectrum for the 2011–2012 school year was appropriate, stating that Spectrum "can implement the May 6, 2011 IEP, fits [E.J.'s] needs, and would be reasonably calculated to provide educational benefit to [E.J.]." AR at 110–11. Plaintiffs did not appeal the September 26, 2011 HOD.

Instead, on September 30, 2011, plaintiffs filed a second due process complaint seeking tuition reimbursement for a private school placement and claiming that DCPS denied E.J. a FAPE by (1) failing to include E.J.'s parents in the selection of Spectrum as the new location of services following Hamilton's closure, and (2) failing to determine and provide an appropriate placement for E.J. for the 2011–2012 school year. AR at 114.

On November 8, 2011, the Hearing Officer ruled that the merits of plaintiffs' inappropriate placement claim had been litigated to a final judgment in connection with plaintiffs' first due process complaint and was therefore barred by the doctrines of collateral estoppel and res judicata. AR at 177–78. On December 8, 2011, a hearing was held to determine whether DCPS should have consulted E.J.'s parents before selecting Spectrum as the new location of services. AR at 6. The Hearing Officer ruled on December 13, 2011 that DCPS' selection did not constitute a change in E.J.'s "educational placement" requiring parental involvement. AR at 11–12.

On March 9, 2012, plaintiffs filed the instant complaint appealing, in essence, the HOD issued on December 13, 2011. *See* Compl. Plaintiffs filed a Motion for Summary Judgment on October 11, 2012, arguing that: (1) DCPS denied E.J. a FAPE by failing to include plaintiffs in the selection of Spectrum as the new location of services; (2) the Hearing Officer erred in deciding the res judicata issue; (3) DCPS denied E.J. a FAPE by failing to provide an appropriate placement; and (4) plaintiffs are entitled to tuition reimbursement. *See* Pls.' Mot. Summ. J. Defendant filed its Cross Motion for Summary Judgment on December 11, 2012. *See* Def.'s Cross Mot. Summ. J.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the evidence in the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When evaluating cross motions for summary judgment, "the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." *Select Specialty Hosp. – Bloomington, Inc. v. Sebelius*, 774 F. Supp. 2d 332, 338 (D.D.C. 2011) (citation omitted). The court must accept as true the evidence of, and draw "all justifiable inferences" in favor of the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The IDEA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered during administrative proceedings. 20 U.S.C. §1415(i)(2). The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such appropriate relief as the court determines appropriate." 20 U.S.C. §1415(i)(2)(C). The party challenging the administrative determination bears the burden of "persuading the court that the hearing officer was wrong." *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005) (quotations and citations omitted). In reviewing the HOD, the Court must give "'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." *Lyons ex rel. Alexander v. Smith*, 829 F. Supp. 414, 418 (D.D.C. 1993). The Court may not

"substitute [its] own notions of sound educational policy for those of the school authorities which [it] reviews." *Bd. of Educ. Of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982).

## ANALYSIS

The issues now before the Court are whether: (1) DCPS denied E.J. a FAPE by failing to include his parents in the selection of Spectrum; (2) the Hearing Officer erred in deciding that plaintiffs' inappropriate placement claim is barred by the doctrines of collateral estoppel and res judicata; (3) DCPS denied E.J. a FAPE by failing to provide an appropriate placement for the 2011–2012 school year; and (4) plaintiffs are entitled to tuition reimbursement. I will address each of these issues in turn.

First, with regard to the exclusion of E.J.'s parents from the selection of Spectrum, I find that DCPS' selection did not constitute a change in E.J.'s educational placement requiring parental involvement. E.J.'s "educational placement" consists of the educational program described in the IEP developed on May 6, 2011. *See White ex rel. White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 379 (5th Cir. 2003) ("'Educational placement,' as used in the IDEA, means educational program—not the particular institution where the program is implemented."); *Roher v. District of Columbia*, Civ. A. Nos. 89-2425, 89-2503, 1989 WL 330800, at *3 (D.D.C. Oct. 11, 1989) ("'[P]lacement' refers to the overall educational program offered, not the mere location of the program."). While the IDEA requires a student's parents to be part of the team that creates the IEP

and determines the educational placement of the child, it does not "explicitly require parental participation in site selection." *White*, 343 F.3d at 379. Here, E.J.'s mother attended the meeting at which his new IEP was developed. AR at 43. A change in location of services does not constitute a change in educational placement where the "new setting replicates the educational program contemplated by the student's original assignment." *A.W. v. Fairfax Cnty. Sch. Bd.*, 372 F.3d 674, 682 (4th Cir. 2004). Here, the Hearing Officer correctly found the educational settings at Hamilton and Spectrum to be "substantially and materially similar." AR at 11. Spectrum, like Hamilton, provides a full-time out of general education program, is equipped to address the needs of students with E.J.'s disability classification, and offers all of the services described in E.J.'s IEP. AR at 249, 266, 296, 298–99, 398, 400. Accordingly, E.J.'s reassignment to Spectrum did not require DCPS to involve his parents or his IEP team, and there was no denial of a FAPE.[1]

Next, with respect to whether plaintiffs' inappropriate placement claim is barred, I agree with the Hearing Officer that the doctrine of collateral estoppel bars consideration of that claim, which was previously litigated in connection with plaintiffs' June 29, 2011 due process complaint. Under the doctrine of collateral estoppel, or issue preclusion, a

---

[1] The IDEA defines FAPE as "special education and related services that (A) have been provided at public expense, under public supervision and direction, and without charge; (B) meet the standards of the State educational agency; (C) include an appropriate preschool, elementary school, or secondary school education in the State involved; and (D) are provided in conformity with the individualized education program required . . . ." 20 U.S.C. § 1401(9).

prior judgment bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Gulf Power Co. v. F.C.C.*, 669 F.3d 320, 323 (D.C. Cir. 2012) (quotations and citation omitted). Even though plaintiffs' June 29, 2011 due process complaint predated DCPS' selection of Spectrum, the appropriateness of this location of services was actually litigated and resolved in the administrative proceeding. Because plaintiffs' June 29 due process complaint requested funding for a private placement, it was essential for the Hearing Officer to make a finding about the alternative proposed by DCPS. *See N.G. v. District of Columbia*, 556 F. Supp. 2d 11, 37 (D.D.C. 2008) ("The IDEA's grant of equitable authority empowers a court to order school authorities to reimburse parents for their expenditures on private special education for the child if the court ultimately determines that such placement, rather than a proposed IEP, is proper under the Act.") (citations and quotations omitted). On September 26, 2011, the Hearing Officer denied plaintiffs' requested relief, concluding that Spectrum "can implement the May 6, 2011 IEP, fits [E.J.'s] needs, and would be reasonably calculated to provide educational benefit to the student." AR at 110–11. Accordingly, the September 26, 2011 HOD resolved plaintiffs' inappropriate placement claim as to both Hamilton and Spectrum and thus bars successive litigation of this issue under the doctrine of collateral estoppel.

Third, with respect to plaintiffs' denial of FAPE claim, I find that Spectrum was an appropriate location of services for E.J., and therefore DCPS did not deny him a FAPE. Under the IDEA, an appropriate location of services is one which can implement

a student's IEP and meet his specialized educational and behavioral needs. *See* 20 U.S.C. §1401(9); *N.G. v. District of Columbia*, 556 F. Supp. 2d at 37. The administrative record here unequivocally establishes that Spectrum would have been able to provide the full time special educational, instructional, and behavioral services required by E.J.'s IEP. *See, e.g.,* AR at 350, 352–53, 356–57, 384, 392–93, 398, 400. As such, defendant is also entitled to summary judgment on this point.

Finally, with respect to plaintiffs' claim for tuition reimbursement, I conclude that plaintiffs are not entitled to tuition reimbursement as the educational program and site proposed by DCPS comply with the IDEA's FAPE requirement. *See Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359 (1985); 20 U.S.C. §1412(a)(10)(C)(i). "Parents who choose unilaterally to place their disabled child in a private school without the agreement of the school district 'do so at their own risk', and are entitled to reimbursement only if a court concludes that the placement approved by the school officials violates the IDEA and that the private school placement is proper under the IDEA." *Roark v. District of Columbia*, 460 F. Supp. 2d 32, 45 (D.D.C. 2006) (quotations and citation omitted). Plaintiff, in essence, rolled the dice and lost. Summary judgment, accordingly, must also be in favor of the defendant on this point.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge